**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4140

SCOTT A. CHARLTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-96-39)

Submitted: June 17, 1997

Decided: July 31, 1997

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Pizzuti, CAMILLETTI, SACCO & PIZZUTI, L.C., Wheeling,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Paul T. Camilletti, Assistant United States Attorney, Whee-
ling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Scott A. Charlton pled guilty to one count of maliciously damaging and destroying property by fire and explosive materials, 18 U.S.C.A. § 844(i) (West Supp. 1997), and was sentenced to twelve months imprisonment. He contends on appeal that the district court clearly erred in awarding him one criminal history point for a prior diversionary sentence, USSG §§ 4A1.1, 4A1.2(f),**1** and clearly erred in finding that he had not accepted responsibility. USSG § 3E1.1. We dismiss Charlton's bail motion as moot and affirm his sentence.

In April 1996, Charlton entered into a plea agreement and testified before a grand jury about his own involvement, and that of others, in the theft of fireworks from a fireworks company and the subsequent detonation of the fireworks at various locations in West Virginia and Ohio. Charlton was not sentenced for the instant offense until February 1997. In the interim, he was charged in state court with possession of marijuana and placed on unsupervised probation for six months pursuant to a diversionary program under West Virginia Code § 60A-4-407 (1992). The statute provides in pertinent part:

> Whenever any person who has not previously been convicted of any offense under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty or is found guilty of possession of a controlled substance under section 401(c) #AD8E # 60A-4-401(c)], the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

_____

**1** United States Sentencing Commission, Guidelines Manual (Nov. 1996).

2

(Emphasis added.)

Diversionary dispositions resulting from a finding or admission of guilt in open court are counted as part of a defendant's criminal history. USSG § 4A1.2(f), comment. (n.7). The probation officer recommended that Charlton receive one criminal history point for the diversionary sentence after learning from the state prosecutor that Charlton had offered to plead guilty. When he was sentenced for the instant federal offense, Charlton was still on probation. However, Charlton's attorney argued at sentencing that no criminal history point should be given because there had been no finding or admission of guilt at the state court hearing.[2] Taking the attorney's representation as true, the district court nevertheless found that there had been either an express or an implicit finding of guilt because, without such a finding, the state court would have been without authority to order a conditional discharge.

The dispute is essentially a factual one, i.e., whether there was a finding or admission of guilt "in open court." We therefore review the district court's decision under the clearly erroneous standard. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Because the West Virginia statute requires an admission or finding of guilt and because the state prosecutor informed the probation officer that Charlton had, at some point, offered to plead guilty, the district court did not clearly err in deciding that the state court judge made, at the least, an implicit finding of guilt before ordering the conditional discharge.

The district court also found that Charlton's continued criminal conduct, as evidenced by his possession of marijuana, was inconsistent with acceptance of responsibility. The district court may consider whether a defendant has voluntarily terminated or withdrawn from criminal conduct or associations in deciding whether he has accepted responsibility. USSG § 3E1.1, comment. (n.1(b)). Because Charlton

_____

[2] A transcript of the state court hearing was not available, but the same attorney represented Charlton in both cases. The attorney submitted the state court order continuing the marijuana possession charge and ordering a conditional discharge after six months. The order did not make a finding of guilt or state that Charlton had admitted guilt at the hearing.

failed to terminate his criminal conduct, the district court did not clearly err when it denied him an adjustment for acceptance of responsibility.

The sentence is therefore affirmed. Charlton's motion for bail pending appeal is dismissed as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4